UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JERRY P. McNEIL,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 05-CV-0579-CVE-SAJ |
| | ) |
| **JOHN DOE, et al.** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion for Entry of Default Judgment and to Vacate Void Judgment in a State Court and Declaratory Statement (Dkt. # 6), defendants' Motion to Dismiss (Dkt. # 7), and plaintiff's Notice of Withdrawal of Previous Motion to the Court and Writ of Praecipe (Dkt. # 14).

### I.

Plaintiff filed a claim against the Internal Revenue Service ("IRS"), John Snow, and unnamed individual agents of the IRS, alleging that the IRS has served plaintiff with notice of an intent to levy against his property to collect unpaid taxes. According to the complaint, the IRS has attempted to levy against plaintiff's bank account with the Tulsa Federal Employees Credit Union in the amount of $1,553. Reading the complaint broadly, the IRS may have already garnished plaintiff's bank account and seized other property, but the complaint is not clear on this issue. Plaintiff is seeking damages and injunctive relief.

Defendants have filed a motion to dismiss arguing that plaintiff's claim is actually a claim against the United States and is barred by the anti-injunction provision of the Internal Revenue Code ("IRC"), 26 U.S.C. § 7421(a). To the extent that plaintiff may be alleging a libel claim, defendants

argue that the United States has not waived its sovereign immunity to such claims and plaintiff's claim must be dismissed. Plaintiff did not file a response to defendants' motion to dismiss.

## II.

When reviewing a motion to dismiss under Rule 12(b)(6), the court must construe the allegations of the complaint as true and view the allegations in the light most favorable to the nonmoving party. Moffett v. Halliburton Energy Services, Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). A Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

## III.

The Court finds that it lacks subject matter jurisdiction to hear plaintiff's claims, because the United States has not waived it sovereign immunity for suits to challenge tax assessments or levies. The IRC precludes taxpayers from prematurely filing civil claims in federal district court, until the prescribed administrative procedures have been completely followed. The IRC states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Instead, the IRC provides an administrative remedy for any taxpayer who wishes to protest the validity or amount of any tax assessment by the IRS. Before the IRS can engage in any action to enforce a tax lien or levy against a taxpayer's property, the IRS must provide notice of its intentions to the taxpayer and allow the taxpayer an opportunity to request a hearing, called a collection due process hearing ("CDP hearing"). See id. § 6330(b). When a taxpayer requests a CDP hearing, the IRS must immediately halt all collection and enforcement activities until the IRS

Office of Appeals rules on the taxpayer's claim. Id. § 6330(e). Once these procedures are completed, if the taxpayer is still displeased with the IRS's decision to assess a tax, the taxpayer can appeal the Office of Appeals ruling to the United States Tax Court or, in some cases, federal district court. Id. § 6330(d).

These procedures are the sole mechanism for a taxpayer to challenge a tax assessment by the IRS, unless the taxpayer wishes to pay his taxes before filing a claim for a tax refund in the district court. 26 U.S.C. § 7422(a); 28 U.S.C. § 1346(a)(1); United States v. Dalm, 494 U.S. 596, 1364-65 (1990). Dalm recognized that, under the doctrine of sovereign immunity, the United States can not be sued by a taxpayer for a tax refund or to challenge a tax liability, unless the procedures of the IRC are followed. The administrative procedures outlined by 26 U.S.C. §§ 7421 and 7422 constitute an express but limited waiver of sovereign immunity for taxpayers to pursue their grievances against the United States. See Berrey v. Asarco, Inc., 439 F.3d 636, 643-44 (10th Cir. 2006). In this case, plaintiff has filed an action against the Commissioner of the IRS in his official capacity. Clearly established law dictates that this Court treat plaintiff's claim as if it had been brought directly against the United States. Louisiana v. McAdoo, 234 U.S. 627, 631-32 (1914) (lawsuit filed against the Secretary of the Treasury in his official capacity treated as a claim directly against the United States, because the effect of the relief sought would disrupt the functioning of the government and require payment from the United States Treasury); see also Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 687-88 (1949) (lawsuit brought against federal officers treated as claim against the United States if the relief sought will be obtained from the sovereign entity, not the officer personally). The United States has not been named as a party, nor has it consented to suits brought by taxpayers except under the express conditions set out in 26 U.S.C. §§ 7421 and 7422. In his

complaint, plaintiff expressly acknowledges that the United States is not a proper party, but he may not avoid the anti-injunction provisions of the IRC with this admission.

Plaintiff may not continue with his claim against these federal officers in federal court but, upon dismissal of his claim, he may pursue the appropriate administrative relief to redress his alleged grievances regarding taxes assessed against him. The Court lacks subject matter jurisdiction to hear plaintiff's claim challenging a tax assessment and levy by the IRS.

**IV.**

Plaintiff has also brought a claim for libel in admiralty and cites to the Suits in Admiralty Act, 46 App. U.S.C. § 741 et seq. as a basis for federal jurisdiction. He claims this also provides a basis for a waiver of sovereign immunity against the United States. This act does allow suits based on libel in personam, but the entire act refers to the seizure of vessels or cargo. Specifically, 46 App. U.S.C. § 742 states:

> In cases where if such vessel were privately owned or operated, or if such cargo were privately owned or possessed, or if a private person or property were involved, a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States or against any corporation mentioned in section 741 of this title. Such suits shall be brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found.

Although this statute creates a limited waiver of sovereign immunity for specified types of admiralty claims, it applies only to seizures of maritime vessels or cargo. Matson Navigation Co. v. United States, 284 U.S. 352 (1932) ("jurisdiction of maritime causes of action arising against the United States, arising out of the operation of merchant vessels for it, is exclusively vested in the District Courts. The language of section 2 (46 USCA s 742) is general, embracing suits on maritime causes of action by owners, as well as by third persons injured by the operation for the government of

4

merchant vessels."); McMahon v. United States, 186 F.2d 227, 229 ("It is, of course, true that legislation for the benefit of seamen is to be construed liberally in their favor."). It is clear that the Suits in Admiralty Act constitutes a waiver of sovereign immunity, but only as to maritime torts. Henderson v. United States, 517 U.S. 654, 665 (1996); Smith v. United States, 507 U.S. 197, 208 (1993) (Stevens, J., dissenting). Plaintiff's claim for seizure of funds in a private bank account does not fall within this exception to the doctrine of sovereign immunity.

Even if the Court were to accept plaintiff's argument that his claim arises under admiralty jurisdiction, the Court can not avoid the anti-injunction provisions of the IRC. It would defeat the purpose of having an express statutory provision limiting the government's waiver of sovereign immunity if any aggrieved taxpayer could simply bring an in rem action contesting a forfeiture. Waivers of sovereign immunity must be strictly construed in favor of the sovereign. Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983). The Court has no power to grant plaintiff the relief he seeks, because the Court would inevitably have to determine the validity of the tax assessment against him. Whether characterized as an in rem action sounding in admiralty or a direct challenge to the IRS's levy on plaintiff's property, the Court has no jurisdiction to hear plaintiff's claim.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Dkt. # 7) is **granted**. Plaintiff's Motion for Entry of Default Judgment and to Vacate Void Judgment in a State Court (Dkt. # 6) and plaintiff's Notice of Withdrawal of Previous Motion to the Court and Writ of Praecipe (Dkt. # 14) are **deemed moot**. This is a final order terminating this matter.

**DATED** this 21st day of July, 2006.

_Claire V. Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT